Spencer v. Mueller, 186 Ill. App. 53.

*held* that a verdict and judgment in favor of plaintiff for a sum which showed that defendant was allowed more on his claim of recoupment than he claimed and proved, could not be sustained, it appearing from the pleadings and proofs there was no basis for exemplary damages and the only question presented being whether in quality and weight the cans were such as plaintiff contracted to furnish.

2. SALES, § 401*—*when evidence insufficient to show breach of warranty.* In an action for a balance of the purchase price of milk cans furnished by plaintiff to defendant, a claim of recoupment for breach of a warranty consisting of representations as to the weight of the cans, *held* not sustained by the evidence.

3. SALES, § 279*—*when breach of warranty waived.* Where there is a warranty as to the weight and quality of goods sold, and the defects are readily apparent or ascertainable on inspection, the warranty is waived where no complaint is made within a reasonable time after their acceptance.

---

# Nettie L. Spencer et al., Appellants, v. Theodore C. Mueller, et al., Defendants.
## C. M. Anderson and A. W. Anderson, copartners, Appellees.

### Gen. No. 19,352.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 21, 1914.

## Statement of the Case.

Bill by Nettie L. Spencer and Albert Lang, trustee, against Theodore C. Mueller, C. M. Anderson and A. W. Anderson, copartners, etc., to forclose a trust deed securing certain notes executed by Theodore C. Mueller and Anna, his wife, owners of the conveyed premises, on which they contracted for the erection of certain improvements. Spencer was the holder of the notes

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

and Lang was the trustee and also occupied the relation of contractor for the improvements. Anderson Brothers were the subcontractors and were made defendants to the bill. The Anderson Brothers in their answer, in the nature of an intervening petition, set up a claim for a mechanic's lien. A mechanic's lien was decreed against the premises and from that part of the decree, complainants appeal.

ADAMS, CREWS, BOBB & WESCOTT, for appellants.

F. W. BALCOMB, for appellees; CHARLES D. McGRATH, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 147*—*when filing of intervening petition for lien not premature.* Where subcontractors in a proceeding to foreclose a trust deed in which they were made party defendants filed intervening petitions on March 20th setting up their claim for a mechanic's lien, and subsequently on June 28th filed amended petitions, it appearing that their notice to the owner of their lien was served on March 25th, *held* that the proceeding to enforce the lien was not premature under section 28 of the Mechanics' Act (J. & A. ¶ 7166) providing suit may be brought ten days after service of notice where issue was taken on the amended petitions.

2. MECHANICS' LIENS, § 212*—*matters which cannot be complained of by appellants on appeal from decree allowing lien in foreclosure proceeding.* On appeal from a decree in a foreclosure proceeding allowing a mechanic's lien to subcontractors who were made parties defendant, *held* that appellants, who where complainants to the bill to foreclose, could not complain that the subcontractors' intervening petitions for a lien were filed before notice of lien was served on the owner, nor complain that such notice was served on only one of the owners, it appearing that the owners assigned no cross-errors as to the time of filing the petitions, and it was not questioned but that the decree for lien was good as against the interest of the owner who was served with the notice.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.